IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EARNEST SCOTT, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 1:25-cv-286 |
| | ) Judge Stephanie L. Haines |
| PENNSYLVANIA DEPARTMENT OF | ) Magistrate Judge Keith A. Pesto |
| CORRECTIONS, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

This matter concerns *pro se* Plaintiff Earnest Scott, Jr.'s ("Plaintiff") Complaint in Civil Action under 42 U.S.C. § 1983 (ECF No. 1). When filing his Complaint, he did not submit the filing fee or request to proceed in forma pauperis ("IFP"). This matter was referred to Magistrate Judge Keith A. Pesto for proceedings in accordance with the Federal Magistrates Act, 28 U.S.C. § 636, and Local Civil Rule 72.D. Judge Pesto administratively closed the case (ECF No. 2) because Plaintiff failed to pay the filing fee or complete a motion to proceed IFP.

Subsequently, Plaintiff filed a Motion for Order to Show Cause of Imminent Danger (ECF No. 4), asserting he was in imminent danger of serious injury and asked the Court to excuse him from the three-strikes provision, 28 U.S.C. § 1915(g). In Plaintiff's "Show Cause Motion" he restated the events alleged in the Complaint (ECF No. 1). In summary, Plaintiff alleges that he was denied accommodation for his Type 1 Diabetes with a Dexcom meter and insulin pump. He claims that the denial of these accommodations subjected him to imminent danger and would result in irreparable harm to him, consisting of loss of eyesight, vision, limbs, and suffering of diabetic ketoacidosis. (ECF No. 4).

Plaintiff then filed a Motion for Order to Show Cause and for a Temporary Restraining

1

Order ("TRO") (ECF No. 5). In this, Plaintiff filed a Declaration in support, stating that restricted housing unit ("RHU") staff retaliated against him by denying him prescribed insulin and gabapentin. He further alleges that he was slammed to the ground, punched, and kicked, and several medications found on his person were subsequently discontinued. (ECF No. 5-1 at 2). He claims that he was then transferred to State Correctional Institution ("SCI") Forest where he was unable to receive gabapentin medication because, as a doctor at SCI Forest told him, "[w]hatever happened at SCI-Albion, they have it blocked for some reason I cannot order it!" (*Id.*). Plaintiff also filed a Brief in Support of these Motions (ECF No. 6), stating that he is being denied appropriate medical care for his diabetes and diabetic neuropathy and explaining how he meets each element required for a TRO.

Judge Pesto issued a Report and Recommendation (ECF No. 7), recommending Plaintiff's Complaint be dismissed for failure to prosecute. Judge Pesto stated that Plaintiff is a three-strike litigant under the Prison Litigation Reform Act ("PLRA") and could not proceed as he did not pay the full filing fee or make a proper showing of imminent danger. Judge Pesto found that Plaintiff's claims concern conditions of confinement while he was in custody at State Correctional Institution ("SCI") Albion and that Plaintiff cannot show the requisite nexus to satisfy the imminent danger requirement as he is no longer housed at SCI Albion, he was transferred to SCI Forest on September 25, 2025. (*Id.*). Judge Pesto provided Plaintiff with fourteen days to object to the Report and Recommendation. (*Id.* at 3). *See* 28 U.S.C.§ 636 (b)(1)(B) and (C) and Local Civil Rule 72.D.2.

Plaintiff filed Objections, (ECF No. 15), stating first that he mailed a motion to proceed IFP on October 28, 2025. He further contends that dismissal for failure to prosecute is inappropriate because he is "exercising his due diligence as best as he could[.]" (*Id.* at 2). He also

2

claims that dismissal of his complaint and decisions on his motions without explanation in a memorandum order is evidence of bias and prejudice against him. (*Id.*). Additionally, Plaintiff alleges that Judge Pesto's reference to Federal Rule of Civil Procedure 65 is more evidence of bias and prejudice as this is a reference to legal terminology and Plaintiff is not a lawyer. (*Id.*). Further, Plaintiff contests Judge Pesto's finding that he did not show imminent danger as some of his allegations in the Amended Complaint concerned events occurring at SCI Forest. (*Id.* at 3). He attaches to his objections a Form DC-135A labeled "Inmate's Request to Staff Member" showing that he requested renewal of his indigent status for mail postage and legal copies and that this request was approved. (ECF No. 15-1). He also attaches Judge Pesto's Memorandum Order in a related case, Case No. 3:22-cv-52-KAP, granting defendants' motion for summary judgment. (ECF No. 15-3). Plaintiff does not explain how these attached documents are related to his Objections.

### A.  Standard of Review

The Court undertakes a de novo review of the portions of the Report and Recommendation to which a party has objected. *See* 28 U.S.C. § 636(b)(1); *Cont'l Cas. Co. v. Dominick D'Andrea, Inc.*, 150 F.3d 245, 250 (3d Cir. 1998). The Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Because Plaintiff is proceeding *pro se*, his filings will be "liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### B.  Discussion

As stated above, Judge Pesto screened Plaintiff's Complaint and recommended dismissal of this case for failure to prosecute. Judge Pesto notes that Plaintiff is a three-strikes litigant and that he has not supported the alternative claim that he is in imminent danger of serious physical

injury. Further, Judge Pesto recommends denial of Plaintiff's motion for a temporary restraining order ("TRO") and any foreseeable future motion for preliminary relief.[1] The Court agrees with Judge Pesto's findings.

### 1. Plaintiff's Objections

The Court finds no merit in Plaintiff's objections. As to Plaintiff's statement that he mailed a Motion IFP to the Court, the Court is aware of Plaintiff's filed Motion to Proceed IFP as it was docketed on November 5, 2025. (ECF No. 12). While this Motion is referred to Judge Pesto, the Court notes that Plaintiff is presumptively subject to revocation of his IFP privileges pursuant to 28 U.S.C. § 1915(g) by virtue of his status as a three-strikes litigant. *See Banks v. Francis*, No. 2:15-cv-1400, 2015 WL 9694627, at *4 (W.D. Pa. Dec. 18, 2015), *report and recommendation adopted*, No. 15-1400, 2016 WL 110020 (W.D. Pa. Jan. 11, 2016).

The Court also rejects Plaintiff's objection that his case should not be dismissed for failure to prosecute because he is "exercising his due diligence as best as he could[.]" (ECF No. 15 at 2). While this may be true, this does not alter the analysis of Plaintiff's Complaint. Plaintiff does not

---

[1] Plaintiff filed a motion for a TRO. (ECF No. 5). The Court concurs in Judge Pesto's denial of this motion. (ECF No. 7 at 2-3).

In order to obtain a TRO, a plaintiff must show that: (1) he is likely to succeed on the merits, (2) denial will result in irreparable harm to the plaintiff, (3) granting the injunction will not result in irreparable harm to the defendants and (4) granting the injunction is in the public interest. *Maldonado v. Houston*, 157 F.3d 179, 184 (3d Cir. 1998); *Bieros v. Nicola*, 857 F. Supp. 445, 446 (E.D. Pa. 1994) ("The standards for a temporary restraining order are the same as those for a preliminary injunction."); *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017). The first two factors, likelihood of success on the merits and irreparable harm, "operate both as essential elements and as factors that guide the exercise of equitable discretion. They are elements because the failure of the moving party to make *either* of those threshold showings is fatal to the issuance of a preliminary injunction." *Transcontinental Gas Pipe Line Co., LLC v. Pennsylvania Environmental Hearing Board*, 108 F.4th 144, 150 (3d Cir. 2024) (citations omitted) (emphasis added).

Here, Plaintiff requests a TRO requiring Defendants to "unblock the ordering of [his] Gabapentin, order the Gabapentin 3 times a day, and arrange for another examination and a planned treatment by the qualified specialist Dr. Esper." (ECF No. 5-1 ¶ 12). He contends that Defendants have denied him his prescribed Gabapentin medication in retaliation for reporting multiple staff assaults. (*Id.* ¶¶ 3-4).

The Court will deny Plaintiff's Motion for a TRO (ECF No. 5) because Plaintiff cannot show likelihood that he will prevail on the merits of his claims. As Judge Pesto explains, Plaintiff has no meritorious complaint before the Court as he has not paid the filing fee or satisfied the "under imminent danger of serious physical injury" requirement of 28 U.S.C. § 1915(g). Accordingly, the Court concurs in Judge Pesto's denial of this motion.

dispute that he qualifies as a three-strike litigant under the PLRA, 28 U.S.C. § 1915(g). As such, Plaintiff cannot bring a civil action without paying the filing fee unless he is under imminent danger of serious physical injury. *Id.* Plaintiff was advised of this in the Report and Recommendation and he does not object to his status as a three-strike litigant. Accordingly, the Court overrules Plaintiff's objection on this point.

Further, Plaintiff's objections that Judge Pesto's Report and Recommendation was made with bias and prejudice against him are meritless. Judge Pesto thoroughly outlined the facts and law warranting dismissal of Plaintiff's action. Judge Pesto's use of certain legal terminology and reference to the Federal Rules of Civil Procedure do not show bias or prejudice against Plaintiff. As the Supreme Court established, "judicial rulings alone almost never constitute a valid basis for a bias [] motion . . . and can only in the rarest of circumstances evidence a degree of favoritism or antagonism . . ." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Here, Plaintiff does not provide evidence of bias on the part of Judge Pesto that "reveal[s] an opinion that derives from an extrajudicial source," or "reveal[s] such a high degree of favoritism or antagonism as to make fair judgment impossible." *See id.* Plaintiff's allegations "appear to have no basis other than his displeasure with the Magistrate Judge's ruling[]," *In re Brown*, 696 F. App'x 600, 601 n.2 (3d Cir. 2017), and thus any bias argument is without merit.

The Court also rejects Plaintiff's objection that he is subject to imminent danger as some of the allegations in his Amended Complaint concern events at SCI Forest. As Judge Pesto explains, for Plaintiff to satisfy the "under imminent danger of serious physical injury" requirement of 28 U.S.C. § 1915(g), he must demonstrate an adequate nexus between the claims he seeks to pursue and the imminent danger he alleges. (ECF No. 7 at 2). Plaintiff appears to be referencing his Amended Complaint, which was attached to his Motion for Leave to File an

5

Amended Complaint on November 3, 2025. (ECF No. 10). This Amended Complaint was not the subject of Judge Pesto's Report and Recommendation (ECF No. 7) as it was filed after the Report and Recommendation was issued on October 23, 2025. To the extent Plaintiff is referencing his Complaint that was subject to Judge Pesto's Report and Recommendation, it is clear that none of the allegations concerned events at SCI Forest as Plaintiff's Complaint is dated September 16, 2025 (ECF No. 1 at 11) and Plaintiff was not transferred to SCI Forest until September 25, 2025 (ECF No. 7 at 2; ECF No. 5-1 ¶ 10). As such, Plaintiff cannot show an adequate nexus between the claims in his Complaint and the imminent danger he alleges and the Court overrules Plaintiff's objection.

### 2. Plaintiff's Motion to Expedite Review Due to Imminent Danger

On November 3, 2025 Plaintiff filed a Motion for Expedited Review Due to Imminent Danger. (ECF No. 9). In this, Plaintiff alleges that his diabetic neuropathy has progressed and caused him excruciating pain and suffering, which will hinder his ability to write adequately. (*Id.* ¶¶ 2-4). He further alleges that he is suffering from a seizure disorder due to the discontinuance of his neuropathic pain medication. (*Id.* ¶ 5). He requests a hearing on imminent danger. (*Id.* at 2). To the extent Plaintiff is requesting that the Court expedite review of his case, such request is moot in light of the Court's ruling on Plaintiff's objections in this Order. Further, to the extent that Plaintiff is attempting to proceed IFP as a three-strikes litigant by showing that he is subject to imminent danger of serious physical injury, this fails because Plaintiff has not shown an adequate nexus between the claims in his Complaint and the imminent danger he alleges. As Judge Pesto explains in the Report and Recommendation, the claims in Plaintiff's Complaint concern conditions at SCI Albion and the allegations in Plaintiff's Motion concern alleged imminent danger at SCI Forest. (ECF No. 9). Moreover, Plaintiff's Motion also fails because he must show he was

6

"under imminent danger of serious physical injury" at the time he filed his Complaint. *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (3d Cir. 2001) (quoting 28 U.S.C. § 1915(g)). For these reasons, the Court will deny Plaintiff's Motion for Expedited Review Due to Imminent Danger.

Upon review of the record, the Report and Recommendation (ECF No. 7), Plaintiff's Motion for Order to Show Cause of Imminent Danger (ECF No. 4), Plaintiff's Motion for Order to Show Cause and for a Temporary Restraining Order (ECF No. 5), and pursuant to Local Civil Rule 72.D.2, the Court will accept the findings and recommendations of Magistrate Judge Pesto. Magistrate Judge Pesto correctly determined Petitioner has failed to prosecute his case by failing to pay the filing fee or showing imminent danger of serious physical injury and correctly determined that Plaintiff's motion for a TRO should be denied.

Accordingly, the following order is entered:

## ORDER

AND NOW, this 7th day of January, 2026, IT IS ORDERED that Plaintiff's Motions for Order to Show Cause of Imminent Danger and for a Temporary Restraining Order (ECF Nos. 4, 5) are DENIED; and

IT IS FURTHER ORDERED that Plaintiff's Motion to Expedite Review due to Imminent Danger (ECF No. 9) is DENIED; and

IT IS FURTHER ORDERED that Plaintiff's Objections (ECF No. 15) are OVERRULED; and

IT IS FURTHER ORDERED that Magistrate Judge Pesto's Report and Recommendation (ECF No. 7) is adopted as the Court's Opinion, as supplemented herein; and

7

IT IS FURTHER ORDERED that Plaintiff's Complaint (ECF No. 1) is DISMISSED without prejudice. Plaintiff may submit the appropriate filing fee within 30 days of the date of this Order. If Plaintiff fails to remit the filing fee the case will be dismissed with prejudice and closed.

/s/ Stephanie L. Haines
Stephanie L. Haines
United States District Judge

**Notice by US Mail to:**

Earnest Scott, Jr. ND-3773
S.C.I. Forest
P.O. Box 307
286 Woodland Drive
Marienville, PA 16239
Pro se